### In re Ian THOMPSON and Caroline F. Thompson, Debtors.

### Bankruptcy No. 396–30581–elp7.

United States Bankruptcy Court, D. Oregon.

June 24, 1996.

David Green, Portland, OR, for debtors.

John Mitchell, Trustee, pro se.

### MEMORANDUM OPINION

ELIZABETH L. PERRIS, Bankruptcy Judge.

The trustee's objection to debtor Ian Thompson's claim of exemption in an annuity issued by First Colony Life Insurance Company (First Colony) came on for hearing on May 21, 1996. Debtor claims that payments he is scheduled to receive from First Colony in the future constitute an annuity that is exempt under ORS 743.049. The trustee argues that the payments are not an annuity or that, if they are, debtor does not own the annuity. The trustee has submitted to the court a copy of the Uniform Qualified Assign-

ment and Release, which governs debtor's right to payment.

## FACTS

The evidence shows that debtor is entitled to receive payments for personal injury under a settlement agreement with the tortfeasor's insurer. American National Fire Insurance Company, the tortfeasor's insurer, assigned its liability to make the payments to Jamestown Life Insurance Company (Jamestown Life). To fund the payments, Jamestown Life in turn purchased an annuity from First Colony. Jamestown Life retained all ownership rights in the annuity and gave debtor a security interest in it. The payments pursuant to the settlement agreement included specified amounts on specified dates, beginning in 1991 and ending in 2013. The agreement provides that "all payments are certain," and names debtor's estate as the primary beneficiary of the payments.

## ISSUE

■ Is debtor's right to receive payments under the First Colony annuity exempt under ORS 743.049?

## DISCUSSION

■ The assignment and release indicates that the payments due to be made to debtor are the proceeds of a personal injury settlement, which are funded by an annuity. The question is whether the annuity is one that is exempt under ORS 743.049, and whether debtor owns or has an interest in the annuity that fits within the exemption.

ORS 743.049 provides:

"(1) The benefits, rights, privileges and options which are due or prospectively due an annuitant under any annuity policy issued before, on or after June 8, 1967, shall not be subject to execution, nor shall the annuitant be compelled to exercise any such rights, powers or options, nor shall creditors be allowed to interfere with or terminate the policy, except [for exceptions not pertinent here]."

ORS 743.049 is part of the Oregon Insurance Code. ORS 731.004. Definitions provided in the Insurance Code govern its construction.

ORS 731.052. An "annuity" is defined in the Insurance Code as

"any agreement to make periodic payments, whether fixed or variable in amount, where the making of all or some of such payments, or the amount of any such payment, is dependent upon the continuance of human life, except payments made pursuant to the settlement provisions of a life insurance policy, and includes additional benefits operating to safeguard the policy from lapse or to provide a special surrender value or special benefit or annuity in the event of total or permanent disability of the annuitant."

ORS 731.154(1). Thus, by definition, an annuity that is exempt under ORS 743.049 is one in which the payment is dependent on the continuation of human life.

The payments or amount of payments debtor is entitled to receive are not in any way dependent on the continuation of human life. The agreement between debtor and the insurer provides instead that the payments are certain, and designates a beneficiary for receipt of the payments in the event of debtor's death. Therefore, under Oregon law, the payments are not benefits of an annuity as that term is used in the exemption statute, ORS 743.049, and are not exempt under it.

I recognize that there are a myriad of arrangements involving the right to receive fixed or certain periodic payments, either for life or for a fixed amount of time, all of which are commonly thought of as annuities. In this case, however, I am dealing not with the commonly understood meaning of annuity, but with the term as defined by the Oregon legislature.

■ Even if the payments were benefits of an annuity, debtor is not an annuitant. Under the agreement, Jamestown Life "shall have all ownership rights in any such annuity and [debtor] shall have no right or interest in the annuity, except as stated herein." The agreement further gives debtor a security interest in the annuity to secure the promise of Jamestown Life to make the periodic payments. This indicates that the payments are merely periodic payments of a personal injury settlement, funded by an annuity pur-

chased by the insurer. Debtor has no interest in the annuity that can be exempted under ORS 743.049.[1]

### CONCLUSION

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 7052 and Fed. R.Civ.P. 52, and they shall not be separately stated. The trustee's objection to the claim of exemption is sustained.

---

1. Debtor has not claimed that the payments are exempt under any other exemption statute, for example, ORS 23.160(1)(j)(B), and I express no opinion about whether any other statute would apply.